Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 18 2021

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

  Plaintiff,

v.

CHARLES HENRY REEDY,

  Defendant.

2:21-CR-105-TOR

Plea Agreement

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, and Defendant CHARLES HENRY REEDY, and the Defendant's counsel, Christina Wong, agree to the following Plea Agreement:

1)   Guilty Plea and Maximum Statutory Penalties:

The Defendant, CHARLES HENRY REEDY, agrees to enter a plea of guilty to the Indictment filed on August 3, 2021, charging the Defendant with Escape from Custody, in violation of 18 U.S.C. §§ 751(a), 4082(a). The Defendant understands that the charge contained in the Indictment is a Class D Felony. The Defendant also understands that the maximum statutory penalty for this offense is not more than a 5-year term of imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; and a $100 special penalty assessment.

PLEA AGREEMENT - 1

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for up to 2 years maximum, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range but may depart or vary upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3) <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

   a) The right to a jury trial;
   b) The right to see, hear and question the witnesses;
   c) The right to remain silent at trial;
   d) The right to testify at trial; and
   e) The right to compel witnesses to testify.

PLEA AGREEMENT - 2

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4) <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Escape from Custody, in violation of 18 U.S.C. §§ 751(a), 4082(a), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about April 22, 2021, in the Eastern District of Washington, the Defendant was in the custody of a Residential Re-Entry Center ("RRC"), an institutional facility in which he was lawfully confined at the direction of the Attorney General;

*Second*, the Defendant was in custody at the RRC by virtue of a Judgment and Commitment Order of the United States District Court for the Eastern District of Washington upon the Defendant's conviction for the commission of Escape from Custody, in violation of 18 U.S.C. §§ 751(a), 4082(a); and

*Third*, on or about April 22, 2021, the Defendant knowingly and voluntarily left the custody of the RRC without permission.

5) <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On April 22, 2021, inmate CHARLES HENRY REEDY escaped from custody at a Residential Re-Entry Center ("RRC") facility. At the time of REEDY's escape, the

PLEA AGREEMENT - 3

RRC was designated by the Federal Bureau of Prisons ("BOP"). REEDY had previously been sentenced to 15 months in the custody of BOP after sustaining a criminal conviction for a prior Escape from Custody, in case No. 2:19-CR-00181-TOR-1, in the Eastern District of Washington. By April 22, 2021, REEDY had been transferred to the Spokane Residential Re-Entry Center ("SRRC"), which is located in the Eastern District of Washington, for completion of his custody term with BOP.

Specifically, on April 22, 2021, REEDY signed out of the SRRC on an approved pass to go to work. He was due back to the SRRC at 7:45 pm. After he was due back to the SRRC, staff at the SRRC realized that he had not returned to the SRRC. They attempted to contact him or locate him at the county jail and local hospitals. The SRRC was, however, unsuccessful in locating REEDY. Staff at the SRRC placed REEDY on "escape status" and reported his escape to the United States Marshal's Service ("USMS"). A federal judge issued an arrest warrant for REEDY, and the USMS began the process of locating REEDY, which included notifying other law enforcement agencies that he had escaped and had an outstanding arrest warrant.

On June 15, 2021, law enforcement officers with the Yakima County Sheriff's Office arrested REEDY.

6) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine his applicable sentencing guideline range at the time of sentencing.

a) <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Escape from Custody, where, as here, the Defendant's confinement is by virtue of a conviction, is 13. *See* USSG §2P1.1(a)(1).

  b) <u>Specific Offense Characteristics</u>:

The United States and the Defendant also agree and stipulate that the base offense is decreased by 4 levels because the Defendant escaped from the non-secure custody of a community corrections center or similar facility. *See* USSG §2P1.1(b)(3).

  c) <u>Guideline Adjustments</u>:

Other than what is stated above under "Base Offense Level" and "Specific Offense Characteristics," the United States and the Defendant have no further agreements concerning the application of adjustments to the advisory guideline range; the United States and the Defendant may each advocate for or against the application of any other adjustments to the advisory guideline range.

  d) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than November 18, 2021, the United States will recommend that the Defendant receive a two (2) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

  e) <u>Criminal History</u>:

The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

PLEA AGREEMENT - 5

7) <u>Departures and Variances</u>:

The Defendant is free to seek downward departures or variances from the advisory sentencing guideline range determined by the Court. The United States reserves the right to oppose any requests for downward departures or variances made by the Defendant.

8) <u>Incarceration</u>:

The United States agrees to recommend a sentence of the low end of the advisory guideline range as determined by the Court. Defendant is free to recommend any reasonable sentence.

9) <u>Criminal Fine</u>:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

10) <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 3-year term of supervised release to commence from the date of his release and to run concurrent with the term of supervised release imposed pursuant to his underlying conviction for Escape from Custody (Case No. 2:19-CR-00181-TOR-1). The United States and the Defendant further agree to recommend the term of supervised release include the following special conditions, in addition to the standard conditions of supervised release:

    a) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

    b) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer upon reasonable suspicion.

11) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

12) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

14) <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal his conviction and sentence if the Court imposes a prison term within the advisory guidelines range determined by the Court, imposes a term of supervised release of no longer than 3 years to run concurrently with his current 3-year term of supervised release, waives the imposition of a fine, and imposes a $100 penalty assessment. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate all counts of the Indictment; and the United States may prosecute the Defendant on all available charges.

The Defendant also waives any right to collaterally attack this conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

15) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        Nov. 16, 2021
Russell E. Smoot                                        Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this

PLEA AGREEMENT - 8

case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    \_\_11/18/21_____
CHARLES HENRY REEDY                         Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    \_\_11/18/21_____
Christina Wong                              Date
Attorney for the Defendant

PLEA AGREEMENT - 9